CHARLES D. W. MERRITT, AS ADMINISTRATOR, ETC., OF BLANDINA MERRITT, DECEASED, PLAINTIFF, *v.* WILLIAM P. COLE, JR., AS EXECUTOR, ETC., OF JOHN R. COLE, DECEASED, DEFENDANT.

*Note payable to bearer — payment thereof before due, to party in possession, good — Right to go to jury on a particular question — waived by request to have jury find on other questions which concede the particular one.*

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a verdict directed in favor of the plaintiff.

This action has already been before the General Term, and is fully reported in 9 Hun, at page 98. It is brought upon a promissory note, in the following words and figures:

" For value received I promise to pay unto Blandina Dewitt, daughter of Charles Dewitt, Jr., of Marbletown, or bearer, the sum of six hundred dollars immediately after the decease of Charles Dewitt, Jr.

" In witness whereof, I have hereunto set my hand and seal the twentieth day of May, one thousand eight hundred and twenty-eight.

JOHN R. COLE. [L. S.]

" Witness, JNO. A. DEWITT."

The paper also contained the following indorsements, all admitted to be in the handwriting of Charles Dewitt:

" John R. Cole, Cr. on the within note, two hundred and fifty dollars.

CHARLES DEWITT.

" Dated 1845, March 5th."

" [$74.] 1850, Sept. 10, received on the within note, 74 dollars.

CHARLES DEWITT."

" July 26, 1853. Received from John R. Cole 200 hundred dollars on the within note.

CHARLES DEWITT."

The question was whether or not the payments credited by Charles Dewitt, plaintiff's father, in whose control the note had been left, should be deducted from the amount due thereon, in the absence of all proof, other than the possession of the paper, to show his authority to receive such payments.

Upon the second trial, a verdict was directed for the plaintiff in accordance with the opinion of the General Term on the former appeal, crediting the maker with all the amounts indorsed upon the note as paid.

Upon this appeal the court at General Term said:

" It would perhaps be hardly necessary to do more than refer to the decision of this case in 16 S. C. N. Y., (9 Hun), 98. But the plaintiff urges very strongly that a recent decision of the Court of Appeals has overruled the views there expressed. That decision was made in the case of *Smith* v. *Kidd* in January, 1877. And the point on which the plaintiff urges that decision applies here, is this. It is said in the opinion there delivered that " even though an agent have authority to receive payment of an obligation, this does not authorize him to receive it before it is due."

Now the difficulty in the application of that principle to this case lies in the fact that the note in suit was payable to bearer. By its terms, therefore, the maker was at liberty if he acted in good faith, to pay to the person in actual possession of the note. That was a part of his contract. When therefore the maker made payments on the note to Charles De Witt, he did so not as to the agent of Blandina Merritt, but as to the person entitled, as bearer, to receive payment.

Of course the person entitled on the face of the instrument, to receive payment, may voluntarily receive payment before the debt is payable. It is only the agent, who receives payment as agent of a principal, who cannot ordinarily receive it before that time. This note might pass by delivery, even though it was a sealed instrument. (*Runyan* v. *Mersereau*, 11 Johns., 534.) And there is nothing to show that the maker had reason to think, when the first and second payments were made, that the note did not belong to Charles DeWitt. As to the third payment, the same witness who testifies that Blandina Merritt asked the maker of the note for that payment, also testifies that it was made directly to her.

Was it a question for the jury, whether or not, as a matter of fact, John. R. Cole made the last payment? A son of John R. Cole testified that his father admitted to him that he did not make this payment, and that he wanted this son to swear falsely as to this one payment.

It is barely possible that a jury might have believed that story, in contradiction of the endorsement and of the positive testimony of another son of John R. Cole that that payment was made. But the plaintiff did not ask to go to the jury on the fact of these payments. He specified distinctly the three points on which he asked to go to the jury; and all of these points imply that the payments were made as a matter of fact to Charles DeWitt by John R. Cole. The first is, whether Blandina Merritt was aware of the payments, and whether they were made by her consent. The second, whether she conceded the validity of the payments, and agreed to accept the balance. The third, whether John R. Cole made the payments to Charles DeWitt in good faith, believing that he was entitled to the moneys. All these requests admit the fact of payments, and as remarked above, there is no evidence of absence of good faith. The motion for a new trial should be denied, with costs to the defendant, and judgment should be entered on the verdict.

*F. L. Westbrook*, for the plaintiff; *D. M. De Witt*, for the defendant.

Opinion by LEARNED, P. J.

Present, LEARNED, P. J., BOCKES and OSBORN, JJ.

Motion for new trial denied, and judgment ordered on the verdict with costs.